STATE OF MAINE, by certiorari *ex rel.*, INHABITANTS OF HARPSWELL

*vs.*

COUNTY COMMISSIONERS OF CUMBERLAND COUNTY.

Cumberland.   Opinion January 19, 1886.

*County commissioners of Cumberland, sessions of. R. S., c. 18, § 5, and c. 78, § 6.*

All reports which the commissioners of Cumberland county are required to make at a " regular session " must be made at a " term of record " holden on the first Tuesday of January or June, and all continuances required by law are to be to the next " term of record."

The words "regular session" in R. S., c. 78, § 6, are not identical in meaning with the same words in R. S., c. 18, § 5.

ON REPORT.

Certiorari.  The writ alleges that the county commissioners of Cumberland laid out a way in Harpswell, on a petition filed the first Tuesday of June, 1883, on which notice was given and hearing was had on the first day of August, same year; and that their return of the laying out was made at the session of their court, holden on the first Tuesday of January, 1884.

*Strout and Holmes,* for the inhabitants of Harpswell.

The provisions for the location of a town way and for applications to the county commissioners in case a petition to the municipal officers should not be successful, are found in R. S., c. 18, § 23, of the former statutes, § 19 of the latter, and the provision is "that when the municipal officers unreasonably neglect or refuse to lay out or alter a town way . . the petitioner may present a petition stating the facts to the commissioners of the county at a regular session, who are to give notice thereof to all interested, and act thereon as is provided respecting highways." These proceedings are regulated by § 5 of the same chapter, 18, in both statutes, which says "their return made at the next regular session after the hearing is to be placed on file, and to remain in the custody of their clerk for inspection."

The provisions as to the regular sessions of the court of county commissioners for the county of Cumberland, are found in the Revised Statutes, c. 78, § 6, and the portion applicable is as follows : " Sec. 6.  They shall hold annual sessions in the shire town of each county at the times following. . . . . Cumberland, terms of record first Tuesday of January and June, and regular sessions on the first Tuesday of each month."

It is too well established to be questioned now that a report of the county commissioners locating a highway which ought to be made at any particular regular session, can not be carried over and returned, either to an adjournment of that regular session, or to any subsequent regular session.  *Parsonsfield* v. *Lord,* 23 Maine, 511.

Nor can it be made returnable before the next session. *Montecello* v. *Co. Com'rs*, 59 Maine, 391.

The same principle is applied to reports of committees appointed on appeal from the decision of the commissioners under a similar provision. *In re Windham, petr.*32 Maine, 452 ; *In re City of Belfast, appt.* 53 Maine, 431.

The time for the report to be made is fixed by statute by c. 18, § 5, as the next regular session. There was a regular session upon the first Tuesday of every month, including the month in which the hearing was had. The commissioners, in making their report, passed over that and the four subsequent regular sessions, making their return to the fifth regular session after the hearing.

This is the obvious result of the statute for whatever purpose it was enacted. The language of the act of 1883 being "regular session," it becomes immaterial whether the words "term of record," which were then introduced into the statute for the first time, mean the same as "regular session" or not, both because the term was made to coincide with the day of a regular session, and also because whether that were a regular session or not it was not the next one after a hearing was had.

*C. W. Larrabee*, for the defendants.

HASKELL, J. Certiorari, to quash the record of the county commissioners for the county of Cumberland, because they did not make and file their report for the location of a way at their next regular session after the hearing.

By the act of 1862, c. 65, § 2, incorporated into the revision of 1871, c. 78, § 6, the county commissioners for Cumberland were required to hold "annual sessions" on the first Tuesdays of January and June.

By the act of 1883, R. S., c. 78, § 6, they are required to hold "annual sessions," viz. : Terms of record on the first Tuesdays of January and June, and regular sessions on the first Tuesdays of each month. That is, terms of record twice yearly, with sessions thereof monthly, to be held regularly on the first Tuesday of each month. Prior to this act, the commissioners might adjourn their half yearly terms from time to time at their

pleasure, but the legislature has enacted that those terms shall be held on stated days thoughout the year, that persons having business touching county affairs may know when its commissioners can be found in session. The monthly meetings are but sessions of the term in which they fall, and the business transacted at any session is at and during the term of record within which it is held, precisely, in legal effect, as though it had been done at an adjourned session of the half yearly term under the prior statute. The monthly sessions, after the beginning of a term of record, are, in effect, statute adjournments of that term. The duties of the commissioners and the methods of their procedure have not been changed by the act of 1883.

All reports that they are required by law to make at a " regular session," are to be made at a term of record, and all continuances required by law are to be to the next " term of record." It is clear, from a careful consideration of all the statutes touching the court of county commissioners and its duties, that the words " terms of record," in the act of 1883, have the same significance and are synonomous with the words "regular session" in c. 18, § 5, of the revisions of 1871 and 1883, and that these latter words in c. 78, § 6, of the revision of 1883, were inaptly used in contrast with the former.

In this view, the record sent up shows that the commissioners have proceeded regularly, and in accordance with law, and therefore the order is,

*Record affirmed with costs.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.